JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Erick Colletti

**DEFENDANTS**

DraftKings Inc.

**(b)** County of Residence of First Listed Plaintiff    Philadelphia, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Brian Newman, Rogers Counsel, 26 East Athens Ave. Ardmore, PA 19003, (610) 285-3009

Attorneys *(If Known)*

See Attachment

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☒ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated New Drug Application<br>☐ 840 Trademark<br>☐ 880 Defend Trade Secrets Act of 2016 | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit (15 USC 1681 or 1692)<br>☐ 485 Telephone Consumer Protection Act<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609<br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | ☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation - Transfer   ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §§ 1332(a), 1441, 1446

Brief description of cause:
Action for breach of contract and unjust enrichment alleging damages of $157,970.46

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
$157,970.46

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE
May 26, 2023

SIGNATURE OF ATTORNEY OF RECORD
/s/ John S. Summers

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**ATTACHMENT TO CIVIL COVER SHEET**

**I.(c) ATTORNEYS FOR DEFENDANT**

John S. Summers (Atty. I.D. No. 41854)
A. Kyle Victor (Atty. I.D. No. 333192)
Hangley Aronchick Segal Pudlin & Schiller
One Logan Square
27th Floor
Philadelphia, PA 19103
(215) 568-6200
jsummers@hangley.com
kvictor@hangley.com

Richard R. Patch
Clifford E. Yin
Coblentz Patch Duffy & Bass LLP
One Montgomery Street
Suite 3000
San Francisco, CA
(415) 391-4800
rpatch@coblentzlaw.com
cyin@coblentzlaw.com
*Pro Hac Vice* Applications Forthcoming

## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**

*(to be used by counsel to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _26 East Athens Ave., Ardmore, PA 19003_

Address of Defendant: _222 Berkeley Street, Boston, MA 02116_

Place of Accident, Incident or Transaction: _Philadelphia, PA_

---

**RELATED CASE IF ANY:**
Case Number:_____ Judge:_____ Date Terminated_____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?      Yes [ ]   No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit Pending or within one year previously terminated action in this court?      Yes [ ]   No [x]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier Numbered case pending or within one year previously terminated action of this court?      Yes [ ]   No [x]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se case filed by the same individual?      Yes [ ]   No [x]

I certify that, to my knowledge, the within case [ ] **is** / [X] **is not** related to any now pending or within one year previously terminated action in this court except as note above.

DATE:   May 26, 2023    _____/s/ John S. Summers_____      _____41854_____

*Attorney-at-Law* *(Must sign above)*        *Attorney I.D. # (if applicable)*

---

**Civil (Place a √ in one category only)**

**A.** *Federal Question Cases:*

[ ] 1. Indemnity Contract, Marine Contract, and All Other Contracts)
[ ] 2. FELA
[ ] 3. Jones Act-Personal Injury
[ ] 4. Antitrust
[ ] 5. Wage and Hour Class Action/Collective Action
[ ] 6. Patent
[ ] 7. Copyright/Trademark
[ ] 8. Employment
[ ] 9. Labor-Management Relations
[ ] 10. Civil Rights
[ ] 11. Habeas Corpus
[ ] 12. Securities Cases
[ ] 13. Social Security Review Cases
[ ] 14. Qui Tam Cases
[ ] 15. All Other Federal Question Cases. *(Please specify)*:_____

**B.** *Diversity Jurisdiction Cases:*

[X] 1. Insurance Contract and Other Contracts
[ ] 2. Airplane Personal Injury
[ ] 3. Assault, Defamation
[ ] 4. Marine Personal Injury
[ ] 5. Motor Vehicle Personal Injury
[ ] 6. Other Personal Injury *(Please specify)*:_____
[ ] 7. Products Liability
[ ] 8. All Other Diversity Cases: *(Please specify)*_____
_____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration)*

I, ___John S. Summers___, counsel of record *or* pro se plaintiff, do hereby certify:

[x] Pursuant to Local Civil Rule 53.2 § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE:   May 26, 2023      _____/s/ John S. Summers_____      _____41854_____

*Attorney-at-Law* *(Sign here if applicable)*        *Attorney ID # (if applicable)*

NOTE: A trial de novo will be a jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| ERICK COLLETTI, <br><br>         Plaintiff, <br>     v. <br><br> DRAFTKING, INC., <br><br>         Defendant. | Civil Action No:  2:23-cv-2036 |

## <u>NOTICE OF REMOVAL BY DRAFTKINGS INC.</u>

Defendant DraftKings Inc. ("Defendant"), erroneously sued as DraftKing, Inc., by and

through its undersigned counsel, pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, *et seq.*,

hereby submits this Notice of Removal of this action from the Court of Common Pleas,

Philadelphia County, Pennsylvania (the "State Court") to the United States District Court for the

Eastern District of Pennsylvania. In support of this Notice of Removal, Defendant states as

follows:

## <u>THE STATE COURT ACTION</u>

1. On or about December 23, 2022, Plaintiff Erick Colletti (the "Plaintiff") filed a

Praecipe to Issue a Writ of Summons in the Court of Common Pleas, Philadelphia County,

Pennsylvania, Case No. 221202200.

2. On or about December 27, 2022, Plaintiff's counsel purported to serve the Writ of

Summons on Defendant by mailing it to the address of Defendant's principal place of business,

with attention to Defendant's Legal Department. A true copy of the Writ of Summons mailed to

the Defendant is attached here as **Exhibit A.**

3. On or about May 8, 2023, Plaintiff filed a Verified Complaint (the "Complaint")

in the Court of Common Pleas, Philadelphia County, Pennsylvania, Case No. 22120200.

4.    On May 8, 2023, Plaintiff received notice from the Court that the Complaint was filed. A true copy of the Complaint is attached here as **Exhibit B.**

## TIMELINESS OF REMOVAL

5.    As Defendant learned of the Complaint on May 8, 2023, Defendant has filed this notice of removal within the 30-day time period required by 28 U.S.C. §1446(b). *See Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 223 (3d Cir. 2005) (holding that the initial pleading for purposes of § 1446(b) is the complaint, not the writ of summons)

## SUBJECT MATTER JURISDICTION

6.    This Court has original jurisdiction over this matter under 28 U.S.C. §1332, and, therefore, removal jurisdiction under 28 U.S.C. §1441, because Plaintiff and Defendant are citizens of different states and because the amount in controversy exceeds $75,000.

7.    As admitted in the Complaint, Plaintiff is an adult individual residing in Pennsylvania. **Exhibit B**, ¶ 1.

8.    At the time the action was filed, and at the time of the filing of this notice, Defendant was and is a corporation organized and existing under the laws of Nevada with its principal place of business in Boston, Massachusetts. *See* **Exhibit B**, ¶ 2 (alleging principal place of business in Boston, Massachusetts); "DraftKings Inc.," Entity Information, Nevada Secretary of State's Website, available at https://esos.nv.gov/EntitySearch/OnlineEntitySearch (noting place of incorporation in Nevada); *see also* Form 10-K, DraftKings Inc. (Feb. 17, 2023), available at https://sec.gov/edgar/search (noting place of incorporation in Nevada).[1]  The case

---

[1] The Court may take judicial notice of DraftKings Inc.'s place of incorporation via its Nevada Secretary of State filings and Securities and Exchange Commission filings. *See, e.g.*, *Robo-Team NA, Inc. v. Endeavor Robotics*, 313 F. Supp. 3d 19, 23 n.1 (D.D.C. 2018); *Lopez v. Nationstar Mortgage LLC*, 2015 WL 6478263, at *2 (C.D. Cal. Oct. 26, 2015); *Basic Capital Management, Inc. v. Dynex Capital, Inc.*, 976 F.3d 585, 589 (5th Cir. 2020).

caption on the plaintiff's complaint erroneously lists Defendant as "DraftKing, Inc." In fact, Defendant's name is DraftKings Inc.

9.     As alleged in the Complaint, the amount in controversy in this matter is at least $157,970.46. In the Complaint, Plaintiff alleges that Plaintiff placed two wagers using Defendant's sportsbook. **Exhibit B**, ¶ 4. Plaintiff further alleges that he lost the opportunity to "cash out" his two wagers and, accordingly, lost $157,970.46, *id*., ¶¶ 10–17, an amount of which defendant is in "wrongful possession," *id.* ¶ 18. Defendant denies these allegations. The amount in controversy accordingly exceeds $75,000.

## VENUE

10.     The state court action is being removed from the Court of Common Pleas, Philadelphia County, Pennsylvania. Venue therefore lies in the Eastern District of Pennsylvania. *See* 28 U.S.C. §§1441(a), 1446(a).

## COMPLIANCE WITH 28 U.S.C. §1446(b)

11.     Pursuant to 28 U.S.C. §1446(a), copies of all process, pleadings and orders served on Defendant are filed with this Notice of Removal.

12.     Defendant will file a copy of this Notice of Removal with the Prothonotary of the Court of Common Pleas, Philadelphia County, Pennsylvania pursuant to 28 U.S.C. §1446(d).[2]

---

[2] Defendant also believes that Plaintiff has sued the wrong entity. Defendant is investigating this issue further and will confer with Plaintiff's counsel about it.

WHEREFORE, Defendant gives notice that the this action is removed to this Court.

Respectfully submitted,

Dated: May 26, 2023

HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER

_/s/   John S. Summers_

John S. Summers (Atty. I.D. No. 41854)
A. Kyle Victor (Atty. I.D. No. 333192)
One Logan Square, 27th Floor
Philadelphia, PA 19103
Telephone: (215) 568-6200
Facsimile: (215) 568 0300
jsummers@hangley.com
kvictor@hangley.com

COBLENTZ PATCH DUFFY & BASS LLP

Richard R. Patch
Clifford E. Yin
One Montgomery Street, Suite 3000
San Francisco, CA 94104-5500
Telephone: (415) 391-4800
ef-rrp@cpdb.com
ef-cey@cpdb.com
_Pro Hac Vice_ Applications Forthcoming

_Attorneys for Defendant DraftKings Inc._

4

# EXHIBIT A



# ROGERS COUNSEL

December 27, 2022

*Via Regular & Certified Mail*
Attn: Legal Department
Draftkings, Inc.
222 Berkeley Street
Boston MA 02116

**RE: Erick Colletti v. Draftkings, Inc.**
**Philadelphia CCP December Term 2022, No. 2200**

Dear Sir/Madam,

Enclosed please find a Writ of Summons filed in the above matter.

Please be guided accordingly.

Sincerely,

S|Brian Newman

BRIAN NEWMAN
brian@rogerscounsel.com

encl.

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

| For Prothonotary Use Only (Docket Number) |
|---|
| **DECEMBER 2022** |
| E-Filing Number: 2212048251 |
| **002200** |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| ERICK COLLETTI | DRAFTKINGS, INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 26 E. ATHENS AVENUE<br>ARDMORE PA 19003 | 222 BERKELEY STREET<br>BOSTON MA 02116 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
|  |  |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
|  |  |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
|  |  |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
|  |  |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 1 | ☐ Complaint   ☐ Petition Action   ☐ Notice of Appeal<br>☒ Writ of Summons   ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☐ Jury<br>☒ Non-Jury<br>☐ Other: | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Commerce<br>☐ Minor Court Appeal<br>☐ Statutory Appeals | ☐ Settlement<br>☐ Minors<br>☐ W/D/Survival |

| CASE TYPE AND CODE |
|---|
| 10 - CONTRACTS OTHER |

| STATUTORY BASIS FOR CAUSE OF ACTION |
|---|
|  |

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | | IS CASE SUBJECT TO COORDINATION ORDER? |
|---|---|---|
|  | **FILED PRO PROTHY**<br><br>DEC **23** 2022<br><br>**C. PERRY** | YES        NO |

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: ERICK COLLETTI

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| BRIAN THOMAS. NEWMAN | 26 EAST ATHENS AVENUE<br>ARDMORE PA 19003 |

| PHONE NUMBER | FAX NUMBER | |
|---|---|---|
| (610)285-3009 | none entered | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 324891 | Brian@Rogerscastor.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| *BRIAN NEWMAN* | Friday, December 23, 2022, 10:34 am |

FINAL COPY (Approved by the Prothonotary Clerk)

**Rogers Counsel**
Brian Newman
Atty ID 324891
26 E. Athens Avenue
Ardmore, PA 19003
610.649.1880
877.649.1880 (fax)



*Filed and Attested by the Office of Judicial Records 23 DEC 2022 10:34 am*

**ATTORNEYS FOR PLAINTIFF**

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, PENNSYLVANIA
CIVIL ACTION

| | | |
|---|---|---|
| ERICK COLLETTI | : | |
| | : | No. |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| DRAFTKINGS, INC. | : | |
| | : | |
| | : | |
| Defendant. | : | |

### PRAECIPE TO ISSUE WRIT

To the Prothonotary:

Kindly issue a Writ of Summons in the above captioned matter.

/s/ Brian Newman
Brian Newman
Attorney for Plaintiff
Rogers Counsel
Attorney ID 324891
26 East Athens Avenue
Ardmore, PA 19003
(610)649-1880

Case ID: 221202200

Summons
Citacion

# Commonwealth of Pennsylvania
## COUNTY OF PHILADELPHIA

ERICK COLLETTI

*Plaintiff*

vs.

DRAFTKINGS, INC.

*Defendant*

:
:
:
:
:
:
:
:
:
:

COURT OF COMMON PLEAS

_____ Term, 20_____

No._____

To[1]

Draftkings, Inc.

222 Berkeley Street

Boston MA 02116

# Writ of Summons

You are notified that the Plaintiff[2]
*Usted esta avisado que el demandante*

Erick Colletti

Has (have) commenced an action against you.
*Ha (han) iniciado una accion en contra suya.*



ERIC FEDER
*Director, Office of Judicial Records*

By: _____

Date:_____

10-208 (Rev. 6/14

Case ID: 221202200

---

[1] Name(s) of Defendant(s)
[2] Name(s) of Plaintiff(s)

# Court of Common Pleas

_____ Term, 20 _____

No. _____


Erick Colletti
_____
*Plaintiff*

vs.

Draftkings, Inc.
_____
*Defendant*


# SUMMONS

Case ID: 221202200

# EXHIBIT B

**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**COURT OF COMMON PLEAS OF PHILADELPHIA**

*Filed and Attested by the Office of Judicial Records 08 MAY 2023 07:55 pm B. MERCEDES*

ERICK COLLETTI
26 East Athens Avenue
Ardmore, PA 19003
　　　　　　Plaintiff

No.  221202200

v.

DRAFTKING, INC.
222 Berkeley Street,
Boston, MA 02116
　　　　　　Defendant

## NOTICE TO DEFEND

### NOTICE

**You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.**

*You should take this paper to your lawyer at once.  If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.*

**Philadelphia Bar Association**
**Lawyer Referral**
**and Information Service**
**One Reading Center**
**Philadelphia, Pennsylvania  19107**
**(215) 238-6333**
**TTY (215) 451-6197**

### AVISO

**Le han demandado a usted en la corte.  Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion.  Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona.  Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion.  Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda.  Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.**

*Lleve esta demanda a un abogado immediatamente.  Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio.  Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.*

**Asociacion De Licenciados**
**De Filadelfia**
**Servicio De Referencia E**
**Informacion Legal**
**One Reading Center**
**Filadelfia, Pennsylvania  19107**
**(215) 238-6333**
**TTY (215) 451-6197**

32/4: 6

Case ID: 221202200

**ROGERS COUNSEL**
By: Brian T. Newman, Esq.                                    Attorney for Plaintiff
Attorney ID #: 324891
26 E. Athens Avenue
Ardmore, PA 19003
610-649-1880
Brian@rogerscounsel.com

---

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, PENNSYLVANIA**
**CIVIL ACTION - LAW**

ERICK COLLETTI                                         No.  221202200
26 East Athens Avenue
Ardmore, PA 19003


                    Plaintiff


                    v.


DRAFTKING, INC.
222 Berkeley Street,
Boston, MA 02116
                    Defendant

---

**VERIFIED COMPLAINT**

   Plaintiff, Erick Colletti, by and through his attorneys, ROGERS COUNSEL, hereby brings this action at law and respectfully avers the following facts:

**THE PARTIES**

   1.     Plaintiff, Erick Colletti ("Plaintiff"), is an adult individual residing within Philadelphia County, Pennsylvania, and utilizing the address of 26 East Athens Avenue, Ardmore, PA 19003 for service of legal papers.

   2.     Defendant, DraftKings, Inc., ("Defendant"), is a business entity licensed to do business within the Commonwealth of Pennsylvania, with a principal place of business located at 222 Berkeley Street, Boston, MA 02116.

## BACKGROUND

3.      Defendant operates an online sportsbook and casino in the Commonwealth of Pennsylvania. Defendant offers such services to consumers through, among other things, its smart phone application.

4.      On or about May 29, 2021, Plaintiff placed two (2) wagers utilizing Defendant's sportsbook. The first wager was a $125,000.00 three (3) leg parlay comprised of: the LA Lakers to win their series against the Phoenix Suns, the Utah Jazz to win their series against the Memphis Grizzlies, and the Tampa Bay Lightning to advance to the next round of the finals by winning their series against the Carolina Hurricanes ("Parlay 1").

5.      The second wager was a four (4) leg parlay consisting of the same three (3) legs contained in Parlay 1 plus the addition of a fourth leg, which was a bet that the Vegas Golden Knights and Colorado Avalanche would play more than 5.5 games in their series when they faced off in the second round of the 2021 Stanley Cup playoffs ("Parlay 2"). Plaintiff wagered $28,000.00 on Parlay 2.

6.      If Plaintiff's parlay wagers were successful, Defendant would have paid out a total of $380,410.00.

### A Series Changing Injury

7.      When Plaintiff placed Parlays 1 and 2 with Defendant, the LA Lakers were leading their series against the Phoenix Suns 2-1, and the odds were in Defendant's favor that the Lakers would take a 3-1 lead in the series after the fourth game, which was scheduled for May 30, 2021.

2

Case ID: 221202200

8.     However, during the fourth game of the Lakes-Suns series, the LA Laker's star player, Anthony Davis ("A.D."), left the game due to a strained groin. With the loss of A.D., the Phoenix Suns won the fourth game, resulting in the series being tied at 2-2.

9.     Defendant conducted extensive research before placing Parlay 1 and Parlay 2 (together, the "Parlays"), and a healthy A.D. playing throughout the entire series was an important part of Plaintiff's betting calculus.  A.D.'s injury materially altered Plaintiff's initial well-reasoned prediction, and led him to conclude that the Phoenix Suns would now win the series, especially if A.D. could not play in the next game.

10.     Defendant offers a "Cash Out" option on many of its single and parlay bets. This option can be available in both pre-game and live betting situations.  Defendant describes its "Cash Out" option in the following way:

> The 'Cash Out' function allows the Authorized Account Holder the possibility to redeem a bet, which status has not been settled yet, at a value specified by DraftKings at the time the Cash Out is offered. It is available on selected events both in pre-game and live, as well as on both single and parlay bets. Cash Out functionality cannot be used on free bets. Cash Out requests might be subject to an imposed delay. Should it happen that during this delay, for whatever reason, either the offer is removed or odds fluctuate, the Cash Out request will not be accepted and the Authorized Account Holder will be notified with an on-screen message. DraftKings reserves the right to offer such functionality solely at its own discretion and does not acknowledge or accept any liability whatsoever if the Cash Out functionality is not available. Should a Cash Out request be successful, the bet will be settled immediately and any subsequent events which occur in relation with the bet will not be taken into account. In the instance of a cashed-out bet having suffered from a technical, pricing or settlement error at any time between the time of original placement and the cash out, DraftKings reserves the right rectify such inaccuracy in DraftKings' sole discretion.

3

Case ID: 221202200

11.    Although Defendant's "Cash Out" description does not clearly identify how and when an "Account Holder" is offered the "Cash Out" option for a pending wager, the answer becomes clear when utilizing Defendant's sportsbook application (the "App"). When a "Cash Out" is offered, a large, yellow CASH OUT button appears within the App. The button displays the monetary value of the "Cash Out" amount offered.  *E.g.,* Image 1.



Image 1

12.    Given the injury to A.D., Plaintiff knew that opting for the "Cash Out" option for the Parlays was not just the prudent choice, but given Plaintiff's understanding of how A.D.'s injury dramatically reduced Plaintiff's chance of winning the wagers, it was the only choice to make.

## Plaintiff Accepts Defendant's "Cash Out" Offer

13.    As fortune would have it, the "Cash Out" offer was indeed made available to Plaintiff for both Parlays.  In unequivocal terms, the large yellow CASH OUT button, with the available cash out amount, was offered for Plaintiff to press.

14.    For Parlay 1, in exchange for forgoing the potential to win $276,250.00 on the original $125,000.00 bet, Defendant offered Plaintiff a cash out amount of $128,225.37. Plaintiff accepted that offer by pressing the large yellow CASH OUT button on the App.  Although,

4

Case ID: 221202200

when Plaintiff cashed out Parlay 1, Plaintiff was winning each of the three individual legs of Parlay 1, he was convinced that the A.D. injury would spoil both Parlays.

15.    Likewise, in exchange for forgoing the potential to win $104,160.00 on Parlay 2's original bet of $28,000.00, Plaintiff accepted Defendant's offer to cash out Parlay 2 by pressing the large yellow CASH OUT button on the App.  The cash out amount for Parlay 2 was for $29,745.49.

16.    Instead of performing its obligation to cash out the Parlays when Plaintiff accepted the offer to do so, Defendant's App returned various errors.  For assurances, the cash out option was not suspended and Plaintiff did not receive a message that his account was restricted.  Indeed, the CASH OUT button was illuminated bright yellow, indicating Plaintiff could exercise the cash out option, but Defendant's failure to perform its "Cash Out" obligations prevented the finalization of the "Cash Out" transaction.

17.    Defendant's failure to perform was nothing short of catastrophic for Plaintiff.  As anticipated, without A.D., the Lakers went from a 2-1 lead to losing the series 4-2 resulting in Plaintiff losing both Parlays and, without Defendant performing its obligations under the "Cash Out" agreement, Plaintiff lost the $157,970.46 "Cash Out" amount that Defendant offered and Plaintiff accepted.

18.    Defendant breached its obligation to perform under the "Cash Out" agreement and is now in wrongful possession of Plaintiff's "Cash Out" payout in the amount of $157,970.46.

## COUNT I
### *Breach of Contract*

19.    Plaintiff incorporates paragraphs "1" through "18" by reference as though the same were fully set forth herein.

5

Case ID: 221202200

20.    Defendant and Plaintiff entered into a valid agreement when Plaintiff placed and Defendant accepted the Parlays.  Subsequently, Defendant created a secondary agreement, and/or an accord, by offering and Plaintiff accepting the option to "Cash Out" Parlays 1 and 2 for $157,970.46. In exchange for a $157,970.46 payment on Parlays 1 and 2, Plaintiff agreed to forgo the potential of winning an additional $222,439.54 for the certainty of a smaller payout.

21.    However, Defendant failed to perform under the "Cash Out" agreement by not settling the Parlays for the offered "Cash Out" amount.

22.    Upon information and belief, Defendant received Plaintiff's "Cash Out" request, yet failed to honor the same for unknown reasons.

23.    As an actual and proximate result of Defendant's failure to perform under the "Cash Out" agreement, Plaintiff suffered economic and non-economic harm, including but not limited to the $157,970.46 he should have received upon cashing out the Parlays.

**WHEREFORE**, Plaintiff demands judgment against Defendant, plus costs and any other such remedy as the Court shall order, in an amount in excess of the compulsory arbitration threshold of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT II
### *Promissory Estoppel / Unjust Enrichment*

24.    Plaintiff incorporates paragraphs "1" through "23" by reference as though the same were fully set forth herein.

25.    As set forth above, Defendant made a representation to Plaintiff through the App when it offered a "Cash Out" payment on Parlays 1 and 2.

26.    Plaintiff, relying on the representation made within Defendant's App, accepted the "Cash Out" option, believing it would result in a payment to him of the offered cash out amount.

6

Case ID: 221202200

27.     Plaintiff's reliance on the representation within Defendant's App was at all times reasonable. Plaintiff had cashed out wagers on prior occasions. In addition, on prior occasions, even when an error message appeared, the wager was subsequently cashed out when Plaintiff next logged into the App.

28.     Plaintiff relied on Defendant's representation to his detriment, in that the "Cash Out" did not go through, the wagers were not cancelled, and Plaintiff subsequently lost the entirety of the money he staked.

29.     Thus, pursuant to the doctrine of promissory estoppel, the law implies a contract, and Defendant should be compelled to uphold its representations, even if the Court ultimately determines a contract did not exist between the parties.

30.     Given the availability of the "Cash Out" option, Plaintiff accepting the same by pressing the button, and the instances of such actions resulting in a cash out on prior occasions, equity demands a remedy for Plaintiff. Allowing Defendant to retain Plaintiff's wager, despite Plaintiff utilizing the "Cash Out" feature, will result in Defendant being unjustly enriched in the amount of Plaintiff's original wager.

**[Intentionally Blank]**

7

Case ID: 221202200

WHEREFORE, Plaintiff demands judgment against Defendant, plus costs and any other such remedy as the Court shall order, in an amount in excess of the compulsory arbitration threshold of FIFTY THOUSAND DOLLARS ($50,000.00).

Respectfully submitted,

ROGERS COUNSEL

By: _____

Dated: May 8, 2023

Brian T. Newman, Esq.
ROGERS COUNSEL
Attorney I.D. No. 324891
26 East Athens Avenue
Ardmore, PA 19003
610-649-1880 / 877-649-1880 (fax)
*Attorneys for Plaintiffs*

8

Case ID: 221202200

**V E R I F I C A T I O N**

I, Eric Colletti, Plaintiff in the within action, verify that the facts set forth in the foregoing Complaint are true, correct, and accurate to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S.A. § 4904, relating to unsworn falsifications to authorities.

Dated: May 8, 2023                                    By: _E Mich Colletti_____

                                                              Eric Colletti

**ROGERS COUNSEL**
By: Brian T. Newman, Esq.                                          Attorney for Plaintiff
Attorney ID #: 324891
26 E. Athens Avenue
Ardmore, PA 19003
610-649-1880
Brian@rogerscounsel.com

---

## IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, PENNSYLVANIA
## CIVIL ACTION - LAW

ERICK COLLETTI                                      No.  221202200
         Plaintiff

         v.

DRAFTKING, INC.
         Defendant

### CERTIFICATE OF SERVICE

I, Brian T. Newman, Esquire, hereby certify, that on May 8, 2023, a true and correct copy of Plaintiff's Complaint was served upon Defendant's attorney, Katelyn O'Connor, through the Court's Electronic Filing System, and upon the efiling's acceptance, a copy will be emailed to counsel at Katherine.cooper@bipc.com

**ROGERS COUNSEL**

By: _____

Brian T. Newman
Attorney ID # 324891
ROGERS COUNSEL
26 East Athens Avenue
Ardmore, PA 19003
Tel: (610) 285-3009
Brian@RogersCounsel.com

Dated: May 8, 2023